UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| VINCENTE HERNANDEZ, | ) | CASE NO.  4:11 CV 1935 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| FEDERAL BUREAU OF PRISONS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Before the Court is *pro se* petitioner Vincente Hernandez's above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner, who was incarcerated at the Federal Correctional Institute in Elkton, Ohio ("F.C.I.  Elkton") when he filed this action,[1] names the Federal Bureau of Prisons (BOP) and F.C.I. Elkton Warden Robert L. Farley as Respondents.  He asserts he is entitled to be released from the Special Housing Unit (SHU) at F.C.I.  Elkton.  For the reasons set forth below, the Petition is dismissed.

Background

The facts suggests Petitioner was placed in SHU on May 23, 2011 after a food strike at F.C.I. Elkton. On or about May 30, 2011, he was interviewed by S.I.S. Lieutenant Butts regarding his role

---

[1] The Bureau of Prisons (BOP) website indicates Petitioner is currently incarcerated at the F.C.I.  in Ashland Kentucky.

in the strike. Petitioner claimed the Lieutenant advised him that there was no evidence he was involved. Moreover, he allegedly stated there was no "valid reason" to detain Petitioner and recommended his transfer.

Petitioner claims he has been held in S.H.U. for over four months. He asserts this has deprived him of a "vested liberty interest" to the privileges he enjoyed while living in the general prison population. He complains that the respondents have limited his access to commissary privileges, telephone use, the law library, Unicor, and religious services. In his prayer for relief, Petitioner seeks a return to the general prison population, pending his transfer to another prison.

## Standard of Review

When a court entertains an application for a writ of habeas corpus, it is required to award the writ "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. To determine a petitioner's entitlement to habeas relief, the court must evaluate whether he has met his "'burden to show that he is in custody in violation of the Constitution of the United States . . .'. *Jones v. Russell*, 396 F.2d 797 (6th Cir. [1968]); *Gray v. Johnson*, 354 F.2d 986 (6th Cir. [1965])." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970). Petitioner has not satisfied his burden.

## 28 U.S.C. § 2241

A habeas corpus proceeding is the proper mechanism to challenge the "legality or duration" of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The statute mandates that the district court direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the

person who holds him in what is alleged to be unlawful custody.") Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Braden*, 410 U.S. at 495.

A court's personal jurisdiction is determined at the time the petition is filed in federal court. *See e.g. Spencer v. Kemna*, 523 U.S. 1, 7 (1998)(for the purposes of the habeas statutes, petitioner need only be "in custody" at the time the petition was filed); *Cohen v. United States*, 593 F.2d 766, 767 (6th Cir. 1979)(prisoner transfer pending review in habeas corpus proceeding did not divest court of subject matter jurisdiction). Since the date this action was filed, Petitioner has been transferred to the Federal Correctional Institution in Ashland, Kentucky (F.C.I. Ashland). The Supreme Court has held, however, that

> So long as the custodian can be reached by service of process, the court can issue a writ 'within its jurisdiction' requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the prisoner himself is confined outside the court's territorial jurisdiction

*Braden*, 410 U.S. at 490. Therefore, the only question which remains is whether the Court has subject matter over this action.

<u>Lack of Subject Matter Jurisdiction</u>

Federal courts are always "under an independent obligation to examine their own jurisdiction." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990). A federal court may not entertain an action over which it has no jurisdiction. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). For the imprisoned, there are two pathways to federal court from which to choose relief: "a petition for habeas corpus, . . . , and a complaint under the Civil Rights Act of 1871, *as amended*, 42 U.S.C. § 1983." *Muhammad v. Close*,

540 U.S. 749, 750 (2004).

To assume this Court's subject matter jurisdiction over the case, Petitioner would need to demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[A]n attack by a person in custody upon the legality of that custody," *Preiser*, at 484, has long been considered the "heart" of habeas corpus. *See id.* at 498. This is distinguishable from claims wherein a prisoner challenges the conditions to which he is subjected while restrained in custody. As the Court explained in *Nelson v. Campbell*, 541 U.S. 637 (2004), "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance." *Id.* at 643 ; *see Muhammed*, 540 U.S. at 750 ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.")

Petitioner claims his placement in SHU has interfered with his "vested liberty interest" in fuller access to the commissary, library, special programs and telephone privileges. Whether an inmate has a liberty interest in avoiding a particular condition of confinement or a particular institutional placement does not invoke a claim under the habeas statute. These claims do not affect the length or duration of Petitioner's imprisonment. *See Preiser*, 411 U.S. at 499; *Hernandez-Pineda v. Lappin*, No. 4:11 CV1377, 2011 WL 6318514, at *3 (N.D. Ohio, Dec. 16, 2011). Although Petitioner complains that he has been held in SHU for over four months, he has since been released, and there is generally no inherent constitutional right to remain free of administrative detention. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983).

Petitioner's assertion that the Respondents may have violated rights secured by the Constitution may have been brought as a *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)[2] action pursuant to 42 U.S.C. § 1983. The Sixth Circuit has held that dismissal without prejudice is appropriate to allow the Petitioner to raise any potential civil rights claims in a properly filed *Bivens* action. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).[3] Thus, Petitioner's civil rights claims are dismissed without prejudice.

## Conclusion

Based on the foregoing, the Application to Proceed *In Forma Pauperis* (Doc. No. 3) is **granted** and the Petition is dismissed for lack of jurisdiction pursuant to 28 U.S.C. §2243, but without prejudice to any possible civil rights claims. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

Date: 3/26/2012          /s/John R. Adams
                         JOHN R. ADAMS
                         UNITED STATES DISTRICT JUDGE

---

[2] Under the *Bivens* doctrine, a plaintiff may allege a claim based on an injury of his constitutional rights by a federal employee. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

[3] The *Martin* court explained that, although *pro se* petitioners are entitled to greater leniency, they are still required to satisfy basic pleading standards. "Arguably, hanging the legal hat on the correct peg is such a standard, and '[l]iberal construction does not require a court to conjure allegations on a litigant's behalf.'" *Id.* (quoting *Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001) (dismissing a § 1983 suit brought as a § 2254 petition.)).

[4] 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.